LINDSAY ANNE WESTON
Attorney  State Bar NO. 73132
1411 W. Covell Blvd., Ste. 106, No.283
Davis, California 95616-5934
(530) 756-7774

Attorney for DEANGELO DAVIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br>vs.<br>DEANGELO DAVIS,<br>    Defendant. | Case No.:  CR S-98-114-FCD<br><br>**DEFENDANT'S POSITION RE SENTENCING ON REMAND; ATTACHMENTS**<br>Date:  March 6, 2006<br>Time:  9:30 a.m. |

## I. Introduction

Mr. Deangelo Davis was convicted after a jury trial of four counts of robbery of financial institutions and four attendant violations of 18 U.S.C. § 924 (c), the use of a gun in connection with a crime of violence. In a Memorandum Opinion issued July 5, 2005, the Ninth Circuit Court of Appeals reversed Mr. Davis's conviction on Count 4, 18 U.S.C.§924 (c ), and remanded the case for resentencing. The Court of Appeals further ordered this Court to determine "whether the sentence imposed would have been materially different had the

district court known that the [federal sentencing [g]uidlines were advisory." Memorandum P. 4.

In the original presentence report, the recommendation, adopted by this Court, was a sentence of 968 months. This sentence was based on a Sentencing Guideline offense level of 30 and a criminal history category of V, for a guideline range of 151 to 188 months on counts 1, 3, 5, and 7, and a mandatory consecutive sentence of 65 years on counts 2, 4, 6, and 8. Original Presentence Report, 2003, pages 19-23.  In real time, Mr. Davis was sentenced to serve 80.6 years, effectively a life sentence. According to the Bureau of Prisons, Mr. Davis's projected release date is July 15, 2070.

The recommended sentence pursuant to "Amended Pursuant to Remand Presentence Investigation Report" is 867 months.  This is based on a Sentencing Guideline offense level of 35 and a criminal history category V, for a guideline range of 262-327 months, with a recommendation of the top of the range, on counts 1, 3, 5, and 7, and a mandatory consecutive sentence of 45 years on counts 1, 6, and 8. PSR (amended) pages 19-23. In real time, this is a sentence of 72 years, 3 months, again effectively a life sentence for Mr. Davis.

The first part of this memorandum deals with objections to the calculations and recommendations of the presentence report. Mr. Davis objects to the

guidelines calculations as listed below and further urges this Court to adopt, in findings on the guidelines, to adopt a burden of proof of beyond a reasonable doubt. In the second part of the memorandum, as discussed more fully below, in light of the United States Supreme Court Decision in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), which renders the guidelines advisory, not mandatory, this Court is urged to sentence Mr. Davis to "*only*" the mandatory minimum sentence of 45 years required by the gun convictions which is sufficient, but not greater than necessary, to comply with the statutory requirements of 18 USC§ 3553(a).

**1.      <u>Objections to Sentencing Guideline Calculations</u>**

<u>Objection to a six level increase pursuant to USSG 2B3.1 (b) (2) (B) for the "use" of a firearm in Paragraph 34</u>

Mr. Davis objects to a six level enhancement for the use of a firearm in the First Federal Credit Union on December 12, 1995. Mr. Davis does not object that a weapon was "otherwise used". See <u>United States v</u>. <u>Fuller</u>, 99 F. 3d 926 (9th Cir. 1996). Rather, the objection is that the use of the weapon was not reasonably foreseeable. In order to impose the enhancement on Mr. Davis, who was not inside the bank and did not possess the weapon, USSG § 1B1.3 requires both that the use of the weapon be in the case of jointly undertaken criminal activity <u>and</u> be

"reasonably foreseeable acts…..of others in furtherance of the jointly undertaken criminal activity." See <u>United States v. Ortiz</u>, 362 F 3rd. 1274, 1277.

The PSR fails to state any factual basis for the conclusion that the use of the weapon was reasonably foreseeable to Mr. Davis. Neither the "Offense Conduct" facts of Count 3 nor Counts 1 and 2 [paragraphs 10-12, 4-9] support that the use of the weapon by a co-defendant inside the bank was reasonably foreseeable by Mr. Davis. There must be a fact specific determination that an action was reasonably foreseeable for this type of enhancement to apply. See <u>United States v. Zelaya,</u> 114 F .3d 869, 871-2 (9th Cir. 1997)

The PSR does not state which standard of proof it used to reach its bare conclusion that the use of the weapon was reasonably foreseeable by Mr. Davis. Given the holding in <u>United States v. Booker</u>, 542 U.S. 296, the enhancement should be proved by a standard of beyond a reasonable doubt. "[A]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. <u>Booker</u>, 125 S Ct. at 756.  See also <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), <u>In re Winship</u>, 397 U.S. 358 (1970). At the minimum, the facts necessary to establish the 6 level enhancement should be clear and convincing

evidence. <u>United States v. Munoz</u> 233 F 3d 1117, 1127 (9th Cir. 2000), <u>United States v. Jordan</u>, 256 F 3d 922 (9th Cir.).  At a criminal history level V, the 6 point enhancement raising the adjusted offense level from 26 to 32 increases the applicable range from 110 to 137 months to 188-235 months, close to doubling the potential sentence. The extremely disproportionate effect of the enhancement is enough to trigger the due process requirement of at least a standard of clear and convincing evidence. The burden of proving an enhancement is on the government. <u>United States v. Howard,</u> 894 F 2d 1085, 1089 (9th Cir. 1990). See <u>United States v. Ameline</u>, 409 F 3d 1073, 1086 (9th Cir. 2005).

The evidence to support that the use of a weapon by his co-defendants in Count 3 was reasonably foreseeable by Mr. Davis is insufficient and unreliable In its Memorandum decision in this case, the Ninth Circuit wrote in part:

> "We hold that the government presented insufficient evidence to support a conviction on count four for using or carrying a firearm in relation to the First Federal Credit Union robbery. The government presented no evidence that Davis actually used or carried a weapon during that robbery and, in fact, presented evidence that the actual gunmen were two coconspirators. Therefore, the government relied on an aiding and abetting theory of liability.  However, the only evidence the government presented to support

that theory was that Davis knew that guns were going to be used in the robbery and *may have been present* for a discussion concerning how the robbery was to be conducted." Memorandum, pg. 2   (emphasis added)

The only evidence that the government presented as to what Davis did or did not know regarding the weapons were by two very unreliable government witnesses, Andre Robinson and Marcel Swift. In sum, Marcel Swift testified that he and Jason Smith, not Davis, brought guns to be used in the First Federal robbery.  A planning meeting was held at Andre Robinson's apartment where Swift, Robinson, Smith and Davis were present. The guns were not produced for everyone to see, but, according to Swift, everyone knew "because we was all there" and it "was supposed to go down the same way as the last one with guns". RT 1516-1517.[1] Swift testified that he and Davis brought guns for the prior robbery on December 7, 1995. RT 1510-11.

Andre Robinson testified all participants met at his house on December 12, 1995 before the First Federal Credit Union Robbery. A duffle bag arrived with the other three (Swift, Smith, and Davis) which contained the clothing, gloves, and guns, but Robinson did not say specifically who brought the bag. RT 513-518. It is

---

[1] Defense counsel will attempt to attach the pages of the reporter's transcripts as an attachment to this document.

uncontroverted that in the first two robberies, Davis did not go into the banks but drove get away cars.

The evidence provided by these witnesses does not have the indicia of reliability that is necessary to satisfy the due process requirements of evidence beyond a reasonable doubt or even evidence that is clear and convincing. Both witnesses had motives to lie, i.e. receiving extremely beneficial sentences for their testimony.[2] More importantly, both witnesses admitted they each lied to law enforcement about the robberies. RT 553-559, 556, 1524, 1541-1546. Robinson lied about his own involvement and Swift stated he lied multiple times stating Terry Amons, and not Davis, was involved in the robberies. The district court should not have to base this 6 level enhancement on the unreliable testimony of these two witnesses.

Without the 6 level adjustments for the weapon, the adjusted offense level for count 3 is 26 with an increase of 3 for the multiple count adjustment pursuant to Section 3D1.4 would be 29. See paragraphs 52-59. At a criminal history level V, the guideline range would be 140-175 months.

---

[2] Swift, who admitted to participating in multiple robberies including participation in counts 1 and 3, is no longer in federal custody, having received a sentence of less than 6 years. See below.

<u>Objection to Paragraph 66, Inclusion of Juvenile Conviction for Murder in Criminal History Calculations</u>.

Mr. Davis *personally* and specifically objects to the inclusion of a conviction for second degree murder when he was 15 years old, and charged as a juvenile, in his criminal history calculation. Paragraph 66-69.  The use of a juvenile conviction, in which Mr. Davis was not afforded a jury trial, violates his due process and procedural protections. See <u>Jones v. United States</u> 526 U.S. 227, 249 (1999).

<u>Objections to 2 level increase for obstruction of justice pursuant to USSG 3C1.1</u>.

Mr. Davis <u>personally</u> and specifically objects to a 2 level enhancement for obstruction of justice for a letter sent by him to co-defendant Jason Smith encouraging Smith to testify that Smith, and not Davis, was involved in the robberies. Paragraphs 21, 30, 36. Mr. Davis objects that it constitutes impermissible double counting and also violates his right to have this enhancement proved beyond a reasonable doubt. <u>United States v. Martin</u>, 278 F. 3d 988, 1004-1005 (9th Cir. 2002) See <u>Booker, Id.</u>

Mr. Davis in his first sentencing, before remand, raised numerous objections to the 2 level increases for obstruction of justice. The district court denied defense objections and imposed the 2 level enhancement. Sentencing hearing January 13, 2003, RT 7-8.  This decision was pre-Booker and Blakely and thus, Mr. Davis

maintains that the standard of proof for a finding of an enhancement should be beyond a reasonable doubt.

Objection to Enhancement For Physical Restraint Pursuant to 2B3.1 (b) (4) (B)

Mr. Davis objects to the 2 level enhancement for physical restraint pursuant to USSG 2B3.1(b)(4)(B). See paragraph 28 and paragraphs 4, 12. Although not objected to in the informal objections, the basis for this objection is that it is not proved beyond a reasonable doubt which was raised in conjunction with the other enhancements above and should be considered by this Court.

**2. Sentencing Considerations pursuant to 18 U.S.C. § 3553 And Booker Support a Sentence Not Greater Than The Mandatory Minimum of 45 years**

This Court must now consider 18 U.S.C. §3553(a) in it's entirely and impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection". United States v. Booker, 125 S. Ct. at 757. The Court, in determining the particular sentence to be imposed, shall consider, *in pertinent part*:

"(1)  The nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  The need for the sentence imposed—

   (a) to reflect the seriousness of the offense, promote respect for the law and provide just punishment for the offense;

   (b) to afford adequate deterrence to criminal conduct;

   (c ) to protect the public from further crimes of the defendant; and,

   (d) to provide the defendant with needed education or vocational training, medical care or other correctional treatment in the most effective manner;

 (5)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;…"

 Mr. Davis posits that the district court should impose a sentence of not more than the mandatory minimum required by law for the counts of conviction for 18 U.S.C. §924 (c)(1) in counts 2, 6, and 8. This is a sentence of 45 years (540 months). Mr. Davis was born in 1971 and was sentenced in 2003. Prior to the Ninth Circuit overturning his sentence, Mr. Davis's release date was 2070. [3] The

---

[3] Defense counsel has used the Bureau of Prisons Inmate Locater on the Web to determine release dates of Mr. Davis and other defendants and witnesses is this case.

sentence was effectively a life sentence. If this Court imposed a federal sentence of 45 years, it is safe to say Mr. Davis would be old at the time of release.[4]

A sentence of this kind, 45 years, is sufficient to fulfill the mandates of 18 U.S.C. 3553. Mr. Davis will discuss below factors which warrant the district court imposing a sentence which is the mandatory minimum allowed by law, a sentence of 45 years.

**1.** 18 U.S.C. §3553(a) (6) requires the sentencing court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct". Other defendants in this case received vastly different and lower sentences. While Mr. Davis acknowledges there are different criminal records involved and there are reductions for cooperation, the disparity is so great it should be ameliorated by the district court in a sentence of 45 years:

Andre Robinson pleaded guilty to robbing one bank, admitted participating in 5 other robberies, and received a sentence of 8 days in custody with credit for time served. RT 570-1, CR S 98-009-FCD.

---

[4] Defense counsel's calculations by hand and without the benefit of a calculator are these: a 45 years sentence translates to 540 months; a potential good time reduction of about 15% (about 54 days a year) is 81 months off; a final actual potential sentence of approximately 459 months or, in real time, about 38 years and ½ years.

- 11

Marcel Swift admitted to participating in (at least) 5 bank robberies, received a sentence of 71 months concurrent to his sentence for robbery in the Northern District, and is no longer in federal custody. RT 1537-41, CR S 96-450-FCD, Bureau of Prisons Locator.

Erik Chukes participated in some of the bank robberies and has a Bureau of Prisons release date of October 8, 2006.

Jason Smith participated in some of the bank robberies, proceeded to trial, and has a release date of November 28, 2023.

2. A sentence of 45 years is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense pursuant to 18 USC 3553(a)(2)(A). It also is an adequate deterrence for future criminal conduct and affords protection for the public. 18 USC 3553(A) (2) (B) and (C). In support of this argument, Mr. Davis adopts the sentences imposed on co-defendants listed above that lesser sentences adequately afford protection, punishment, and deterrence. There is no evidence that Mr. Davis was the ring leader or mastermind behind the robberies.[5]  Marcel Swift, who arguably was more culpable than Davis in that he entered the financial institutions in counts 1 and and was involved in count 5, is out of custody. Jason Smith, who also entered

---

[5] The lack of a leadership manager adjustment pursuant to USSG 3B1.1(c) in either of the PSRs supports that most of the participants in the robberies were of equal status or culpability.

- 12

the banks in the first two robberies, will be released in 17 years. Further, as to defendants over forty, the risk of recidivism drops dramatically, lessening the need to protect the public from further crimes of the defendant UN 3553(a) (2) (C). See United States Sentencing Commission, Measuring Recidivism: The Criminal History Computation of the Federal Sentencing Guidelines at 12, available at http://www.ussc.gov/publicat/Recidivism_General.pdf.

   3. 18 USC 3553 (a) (1) requires the district court to consider the history and characteristics of the defendant in imposing a sentence. Mr. Davis has demonstrated abilities that increase his opportunity to be law abiding at the time of his release even if he received a sentence of 45 years. He has entrepreneurial ability as demonstrated by the fact he ran a record company. He has close ties with his family. He is curious and motivated as evidence by his adult education participation. Mr. Davis has been incarcerated at USSP Florence, Colorado serving his federal sentence. During that time he has received numerous Certificate of Achievements for his participation and completion of largely academic subjects in Adult Continuing Education. They are relevant to factors pursuant to 18 U.S.C. §3553(a) (1) and (2). The certificates include the following course work: Inside the Global Economy, Argumentation: Effective Reasoning, Great Black Americans, Against All Odds: Inside Statistics, World Religions-Part 1: Islam and Christianity,

Ancient Civilizations, Birth of the Modern Mind, conquest of the Americas, The Joy of Thinking: The Beauty of Mathematical Ideas, Famous Authors, Practical Math, The Joy of Science-Part 2 and 3 (2 classes), The History of Ancient Rome-Parts 1 and 2 (2 classes).

In sum, a sentence of the mandatory minimum the court could impose, a sentence of 45 years, is a sentence that is sufficient but not greater than necessary to comply with the statutory mandates of 18 USC 3553.

Dated: March 1, 2006

/s/

_____
LINDSAY ANNE WESTON
Counsel to DEANGELO DAVIS