IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,           No. CR S-98-0114-KJM-DAD P

    vs.

D'ANGELO DOMINICO DAVIS,

        Movant.           <u>ORDER</u>

_____/

On June 18, 2012, counsel for movant filed a motion seeking reconsideration of two orders issued by the assigned magistrate judge on June 4, 2012 and June 5, 2012. (Doc. Nos. 294 & 295.)

In the first order, the magistrate judge denied movant's fourth request for an extension of time to file and serve a motion for leave to amend the pending § 2255 motion or a notice that no such motion for leave to amend would be filed. Specifically, the magistrate judge determined that despite his claim of needing additional discovery, movant's counsel had failed to establish good cause for the fourth requested extension of time. The magistrate judge noted that the § 2255 motion had been pending for almost a year and that during that time movant's counsel had failed to file a discovery motion, had not made any focused and narrowly tailored discovery

request, and had received several extensions of time to either move to amend or file notice that no further amendment would be sought.

In the second order, the magistrate judge denied movant's June 1, 2012 motions for discovery and to seal two exhibits.  In that order the magistrate judge referred to the June 4, 2012 order denying movant's request for a fourth extension of time and concluded that the time for seeking additional discovery in this action had long-since passed.  Finally, in that order movant's counsel was ordered to comply with the magistrate judge's June 4, 2012 order, which set a June 11, 2012 deadline for the filing of a motion to amend or a notice that no such motion would be filed.

In his motion for reconsideration movant argues that both the June 4, 2012 and the June 5, 2012 orders were clearly erroneous and contrary to law because the discovery materials movant's counsel now seeks are "extremely relevant" to his claims for relief, such discovery is authorized, and movant's counsel represents that he has not intentionally delayed these proceedings but has been instead hampered by respondent's lack of cooperation.  (Doc. No. 299 at 2.)

The court reviews a motion to reconsider a magistrate judge's ruling on a nondispositive motion under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A).  *See* Fed. R. Civ. P. 72(a); Local Rule 303(f) (a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law").  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Trust*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  *See also Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp.2d 980, 983 (S.D. Cal.1999).  "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ." *Concrete Pipe and Prods.*, 508 U.S. at 623.  Under the contrary to law standard, a district court may conduct independent review of purely legal

1  determinations by a magistrate judge.  *Computer Economics, Inc.*, 50 F. Supp.2d at 983.

2  Movant's mere disagreement with the magistrate judge's rulings is not grounds for

3  reconsideration.  *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal.

4  2001).

5          Here, movant has not demonstrated that the magistrate judge's rulings were

6  clearly erroneous or contrary to law.  The magistrate judge's denial of movant's fourth request

7  for an extension of time, based on the finding that good cause for the requested extension had not

8  been established, was supported by the record and the applicable legal standards.  The same is

9  true of the magistrate judge's denial of what the judge found to be movant's belated motion for

10  discovery, filed only after several prior extensions of time to seek leave to amend were granted,

11  over the course of the year-plus the motion has been pending.[1]

12          Therefore, IT IS HEREBY ORDERED that movant's motion for reconsideration

13  (Doc. No. 299) of the magistrate judge's June 4, 2012 and June 5, 2012 orders is denied.

14  DATED:  August 2, 2012.

15

16  _____
    UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25  _____

26      [1]  The fact that the first of the magistrate judge's orders was signed on June 1 but not
    docketed until June 4, 2012, does not change this court's conclusion.  ECF 294.

3