PHILLIP A. TALBERT
United States Attorney
PATRICK J. SUTER
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.  2:98CR00114-KJM-AC |
|---|---|
| Plaintiff, | **UNITED STATES MOTION TO AUTHORIZE PAYMENT FROM DEFENDANT'S INMATE TRUST ACCOUNT** |
| v. | |
| D'ANGELO DOMINICO DAVIS, | |
| Defendant. | |

The UNITED STATES OF AMERICA, by and through its counsel, Assistant United States Attorney Patrick J. Suter, pursuant to 18 U.S.C. §§ 3613(a) and 3664 (n), requests this Court to enter an Order authorizing the Bureau of Prisons ("BOP") to turnover funds held in the inmate trust account of Defendant D'Angelo Dominico Davis ("Defendant") to the Clerk of the Court, to be applied towards restitution in Defendant's criminal case.

## I.

## **BACKGROUND**

Defendant was sentenced on January 13, 2003, and the Court imposed a special assessment of $800.00, and restitution in the amount of $65,940.30, with payment due immediately; and a concurrent 968-month imprisonment, to be followed by five years of supervised release. (Docket Entry No. 161). On August 14, 2006 the Court resentenced Defendant and issued an amended judgment on August 23, 2006. (Docket Entry No. 212). The Court issued a second amended judgment on August 17, 2009, which imposed a special assessment of $700.00, and restitution in the amount of $65,940.30 with payment due

immediately; and a concurrent 728-month imprisonment, to be followed by five years of supervised release. (Docket Entry No. 245). Defendant has paid the special assessment and $1,307.39 of restitution.

As of today's date, restitution is currently due and owing in the amount of $64,632.91. *See*, Declaration of Laura Leone, filed and served herewith. Defendant remains in federal custody and is currently housed at the Victorville U.S. Penitentiary, in Adelanto, California. The Bureau of Prisons ("BOP") estimates that the Defendant will be released from custody on June 30, 2063.

The United States recently learned that Defendant currently has $85,252.36 in his inmate trust account maintained by the BOP.[1] In accordance with BOP regulations, these funds were deposited into Defendant's account and are in the BOP's possession, custody and control. The United States seeks an order authorizing the BOP to turn over the total up to the liability balance due of these funds to the Clerk of the Court as payment to Defendant's outstanding criminal restitution.

## II.

## ARGUMENT

Title 18, United States Code, Section 3613, sets forth the procedures for the Government to enforce a criminal judgment using the practices and procedures for enforcement of civil judgments under federal or state law. *See* 18 U.S.C. §§ 3613(a), (c), and (f). The statute provides that a sentence imposing restitution constitutes a "lien" in favor of the Government against all of the defendant's real and personal property. 18 U.S.C. § 3613(c). Further, the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, *et seq.* ("MVRA"), requires that any monies a defendant receives from any source during his term of incarceration must be applied to his outstanding restitution obligation. More specifically, the MVRA states:

> If a person obligated to provide restitution, or pay a fine, received substantial resources *from any other source*, including inheritance, settlement, or other judgment, during a period of incarceration, such person *shall be required* to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. §3664(n) (emphasis added).

---

[1] The purpose of an inmate trust account or commissary account is to allow the BOP to maintain inmates' monies while they are incarcerated, including monies received by the inmate from prison employment and outside sources. 28 C.F.R. §§ 506.1, 545.11. Family, friends, or other sources must deposit funds for the benefit of the inmate into these accounts. *Id.* Deposits intended for the inmate's account must be mailed directly to the BOP's centralized commissary account. 28 C.F.R § 540.23.

In the instant matter, the funds in excess of $64,632.91, in Defendant's BOP trust account plainly constitute "substantial resources" under § 3664(n), as well as "property" under § 3613(c).[2] Thus, the Government's lien includes and attaches to Defendant's interest in these funds held by BOP in his inmate account. *See also* 18 U.S.C. § 3613(a) (government enforces restitution against all property and rights to property of the defendant).

Funds maintained by the BOP in inmate trust accounts are included and shall be applied towards restitution. *See, e.g., United States v. Pearlman*, No. 6:07-cr-00097 (M.D. Fla. Feb. 24, 2015) (Exhibit A) (authorizing immediate payment of $21,110.51 from inmate trust account towards criminal restitution owed by defendant despite his payments through BOP Inmate Financial Responsibility Program); *United States v. Haymore*, No. 09-40072-001 (C.D. Ill. June 15, 2015) (Exhibit B) (authorizing immediate payment of $6,500.00 from inmate trust account towards criminal restitution owed by defendant despite his payments through BOP Inmate Financial Responsibility Program); *United States v. Webb*, No. 10-CR-01071, 2014 WL 4371276, *1-2 (D. Ariz. Sept. 4, 2014) (authorizing immediate garnishment of monies received quarterly during incarceration to be applied towards criminal restitution per 18 U.S.C. § 3664(n)). Federal law also requires that Defendant pay her criminal monetary penalties in the shortest possible time. *See*, 18 U.S.C. § 3663(f)(3) ("if not otherwise provided by court order under this subsection, restitution shall be made immediately.").

In addition, the MVRA grants the Government "the authority to enforce the restitution order in the same manner that it recovers fines or "*by all other available and reasonable means*."[3] *Haymore*, at 5 (quoting 18 U.S.C. §3664(m)(1)(A)(ii)) (emphasis in original). Here, the money in Defendant's inmate trust account is within the Government's possession and control, and available to be rightfully taken by the Government to "enforce" a valid lien against his criminal restitution.

Moreover, a defendant must notify the Court and the Government of any material change in his "economic circumstances" that might affect the defendant's ability to pay restitution. 18 U.S.C. § 3664(k). "Upon receipt of such notification, the court may, on its own motion, or the motion of any party, including

---

[2] The money held in an inmate trust account does not fall within any applicable categories of exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for criminal cases).

[3] Additionally, pursuant to the Crime Victims Act, the victims of defendant's crime are entitled to full and timely restitution as provided by law. *See* 18 U.S.C. § 3771(a)(6).

United States' Motion to Authorize Payment                3

the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require." *Id.* The receipt of more than $64,632.91 by Defendant here is a material change in his "economic circumstances" that affects his ability to pay restitution under § 3664(k). Defendant has apparently failed to notify the Court that he had acquired these significant funds.

Finally, to the extent necessary prior to turnover, the Court has authority to issue an order restraining the dissipation of funds subject to collection for payment of restitution. Courts have used the authority granted in the All Writs Act to enforce collection of criminal monetary penalties. *See United States v. Catoggio*, 698 F.3d 64 (2d Cir. 2012); *United States v. Yielding*, 657 F.3d 722, 727-28 (8th Cir. 2011) (confirming district court's authority pursuant to the All Writs Act to restrain settlement in unrelated civil case pending resentencing to ensure that assets were available for restitution); *United States v. Hatfield*, No. 06-CR0550, 2010 WL 4235815, at *1 (E.D.N.Y. Sept. 27, 2010); *United States v. Numisgroup Int'l. Corp.*, 169 F. Supp. 2d 133, 138-39 (E.D.N.Y. 2001); *United States v. Ross*, No. 92-CR-1001, 1993 WL 427415, at *1 (S.D.N.Y Oct. 15, 1993); *United States v. Sullivan, No. 5:09-CR-302-FL-1, 2010 WL 5437243, at *5-*7 (E.D.N.C. Nov. 17, 2010); United States v. Simmons*, No. 07-CR30, 2008 WL 336824, at *1 (E.D. Wis. Feb. 5, 2008); *United States v. Runnells*, 335 F. Supp. 2d 724, 725-26 (E.D. Va. 2004); *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 598-601 (E.D. Va. 2004) (authorizing under All Writ Act restraining order against defendant and other acting in concert with him from transferring, selling or disposing of defendant's property where such order is necessary to protect and effectuate sentencing and restitution orders and to ensure future availability of property to satisfy the restitution order); *United States v. Gates*, 777 F. Supp. 1294, 1296 (E.D. Va. 1991) (noting that trial court has authority to order a defendant awaiting sentencing not to dispose of his assets to ensure meaningful ability to impose a proper sentence and "to fulfill the intent and mandate of Congress that a financially able defendant pay fines and costs of prosecution, incarceration, and supervised release or probation."). The authority under the All Writs Act includes the power to enjoin Defendant and non-parties when such action is necessary "to preserve the Court's ability to reach and enforce its decision in a case over which it has proper jurisdiction." *Numisgroup Int'l Corp.*, 169 F. Supp. 2d at 138-39. To the extent that there is any delay in issuance of a turnover order, the facts of this case support issuance of an order under the All Writs Act to restrain Defendant from dissipating assets prior to paying his restitution obligation.

Further, it should be noted that there are no exemptions from recovery applicable to the funds in Defendant's BOP account in this case. Because the property is cash, it does not fall within any applicable categories of the exempt property that a defendant may claim in a criminal case. *See* 18 U.S.C. § 3613(a)(1) (setting forth the applicable IRS property exemptions for a criminal cases). For criminal debts such as restitution, federal law provides that the only categories of exempt property are: (1) wearing apparel and school books; (2) fuel, provisions, furniture, and personal effects; (3) books and tools of a trade, business, or profession; (4) unemployment benefits; (5) undelivered mail; (6) annuity or pension payments under certain, specified federal statutes; (7) workers' compensation; (8) judgments for support of minor children; (9) certain service-connected disability payments; and (10) assistance under the Job Training Partnership Act. 18 U.S.C. § 3613(a)(1). Accordingly, Defendant cannot properly claim that the funds held in his Inmate Trust Account are exempt from payment of restitution.[4]

Because the United States has a right to demand immediate payment of Defendant's outstanding restitution judgment, and has a valid lien against all of Defendant's real and personal property, any funds belonging to Defendant and currently held in the BOP account are subject to the government's continuing interest in the satisfaction of that judgment. 18 U.S.C. § 3613(a) and (f); 18 U.S.C. § 3664(m)(1)(A)(ii). Defendant's restitution obligation may possibly remain outstanding for many years, as there are no other known assets available to satisfy the restitution. Thus, the assets held in his inmate trust account are likely to be the only assets available to satisfy his outstanding restitution debt and Defendant should be restrained form using the funds for personal use.

///
///
///
///
///
///

**III.**

---

[4] By statute, challenges to a garnishment of the defendant's property are limited to: (1) the probable validity of any claim of exemption, and (2) compliance with any statutory requirement for the issuance of the post-judgment remedy granted. 28 U.S.C. § 3202(d).

## **CONCLUSION**

Based upon the foregoing, the Government respectfully requests that this Court issue and Order authorizing the BOP to turn over the funds in the Defendant's inmate trust account to the Clerk of the Court to be applied to his restitution obligation.[5]

Dated: September 20, 2017

Respectfully submitted,

PHILLIP A. TALBERT
United States Attorney

/s/ PATRICK J. SUTER
PATRICK J. SUTER
Assistant United States Attorney

---

[5] The Government has served Defendant with a copy of this motion by first class mail. The Government is not aware of any other party who may claim an interest in the funds.

# Exhibit A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.                                             CASE NO: 6:07-cr-97-Orl-18DAB

LOUIS J. PEARLMAN
_____

## ORDER

THIS CAUSE came on for consideration upon the government's motion pursuant to 18 U.S.C. §§ 3613(a) and 3664(n) (Doc. 76) requesting the Court to enter an Order authorizing the Bureau of Prisons to turn over to the Clerk of Court funds held in the inmate trust account for the above-mentioned defendant as payment for the criminal monetary penalties imposed in this case. As set forth in the government's motion, the Bureau of Prisons maintains in its possession, custody, or control approximately $21,110.51 in funds belonging to the defendant that are currently in the defendant's trust account. (*See* Doc. 76 ¶ 5.) At this time, there is no reason to conclude that the Bureau of Prisons has done anything with said funds and for the reasons stated in the motion, the Court concludes that cause exists to grant the motion, and, therefore, it is hereby

**ORDERED** that the Motion of United States of America to Authorize Payment from Inmate Trust Account is **GRANTED**; and it is further

**ORDERED** that the Bureau of Prisons is authorized to turnover to the Clerk of Court, and the Clerk of Court shall accept funds currently held in the trust account for the following inmate:

Louis J. Pearlman
Register No: 02775-093
FCI MIAMI

Federal Correctional Institution
P.O. Box 779800
Miami, Florida 33177
The Clerk shall apply these funds as payment towards the criminal monetary penalties owed by the defendant in this case.

    **DONE AND ORDERED** in Orlando, Florida on this _24_ day of February, 2015.

                                                              G. KENDALL SHARP
                                                        SENIOR UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record
Unrepresented Parties

Exhibit B

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 09-40072-1 |
| ) | |
| **ROBERT HAYMORE,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This matter is before the Court on the United States of America's ("Governments") Motion to Authorize Payment from Inmate Trust Account. (ECF No. 113). For reasons stated herein, the Motion is GRANTED as more fully detailed herein. The non-exempt funds held in Defendant Robert Haymore's ("Haymore" or "Defendant") trust account shall be turned over by the Bureau of Prisons to the Clerk of the Court to be applied as payment toward the criminal monetary penalties imposed in this case subject to the conditions described herein.

On August 20, 2010, Haymore pleaded guilty to Conspiracy to Obstruct Commerce by Robbery, in violation of 18 U.S.C. § 1951 ("Count 1"), five counts of Obstruction of Commerce by Robbery in violation of 18 U.S.C. §§ 1951 and 2 ("Counts 2, 5, 7, 9 and 11"), two counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a), (d), and 2 ("Counts 12 and 15"), and Brandishing a Firearm in Furtherance of a Crime of Violence, in violation of 18 U.S.C. § 924(c) and 2 ("Count 15"). (*See* ECF Nos. 63 and 64; *see also* Minute Entry dated 8/20/2010).

On December 17, 2010, Haymore was sentenced to 240 months on Counts 1, 2, 5, 7 and 9, to be served concurrently with each other and with Counts 13 and 15, and Counts 1 and 2 in *United States v. Haymore*, ILCD Case No. 10-40078 ("Related Case"), 240 months on Count 11,

1

with 228 months to be served concurrently to Counts 1, 2, 5, 7, 9, 13 and 15, and Counts 1 and 2 in the Related Case, 12 months on Count 11, to be served consecutively to all Counts, 300 months on Count 13 and 15 to be served concurrently with each other and with Counts 1, 2, 5, 7, and 9 and Counts 1 and 2 in the Related Case, and 84 months on Count 14 to be served consecutively to all counts. (ECF No. 90). The totality of Haymore's sentence resulted in 396 months in the custody of the Bureau of Prisons. *Id*.

In addition to his custody sentence, the Defendant was order to pay a special assessment of $900.00 and restitution in the amount of $71,235.28. (ECF No. 90 at 70). The amount of restitution is due jointly and severally with Anthony Xavier White, ILCD Case No. 09-40072-004. The Judgment provides that Defendant is to pay the lump sum of $72,135.28 immediately, but with special instructions that the "defendant shall make monthly payments of at least 50 percent of his disposable income per month during the entire term of supervised release or until the restitution obligation is paid in full." (ECF No. 90 at 8). The Judgment also notes that "[u]nless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties <u>is due during imprisonment</u> [and] [a]ll criminal monetary penalties, except those payment made through the Federal bureau of Prisons' Inmate Financial Responsibility Program are made to the clerk of the court." *Id*. (Emphasis added). The Judgment does not "expressly order otherwise." In the Related Case, Haymore was directed to pay a special assessment of $200.00 and restitution in the amount of $7,384.72. Related Case, (ECF No. 12 at 5). In both this case and the Related Case, an Amended Judgment reducing Haymore's sentences was entered, but did not reduce or change the terms of the restitution. (See ECF No. 103; *see also* Related Case, ECF No. 16).

The Government represents, and Haymore confirms, that $6,500.00 was recently

deposited in Haymore's inmate trust account. (ECF Nos. 113 at 2 and 115 at 2). Haymore explains that the money came from the sale of his deceased grandmother's house. (ECF No. 115 at 2). Haymore explains that his grandmother passed away in 2014. Haymore further explains that it was his grandmother's wishes that the money be divided among her surviving family members. *Id*. Haymore explains that he was to distribute a portion of the money to her grandchildren. *Id*. However, Haymore does not provide anything indicating he was legally obligated to allocate the money to his grandchildren. In fact, Haymore did not attach any documents showing he was a trustee or agent designated to distribute the money. While, Haymore's desire to distribute the money to his grandchildren is certainly honorable, the Court cannot allow him to do so when he has an obligation of restitution to others. While the Court is sympathetic to Haymore, unfortunately this is yet another consequence of his criminal actions.

>Under the Mandatory Victims Restitution act, 18 U.S.C. § 3663A, et seq.:
>
>> (n) If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C.A. § 3664(n). In support of its position, the Government cites 18 U.S.C. § 18 U.S.C. § 3613(a) & (f) noting that " Title 18 United Sates Code Section 3613 sets forth the procedures for the United States to enforce criminal monetary penalties, including restitution and criminal fines." (*See* ECF No. 114 at 3). 18 U.S.C. § 3613(a) & (f). The Government further provides that "the statute provides that a sentence imposing restitution constitutes a lien in favor of the Government on all of the property and rights to property of the Defendant to the same extent as a tax lien." *Id.; see also* 18 U.S.C. § 3613(c). As a result the Government asserts that it would have a lien on the funds held in the inmate's trust account.

3

The Government also asserts order authorizing the turnover of the defendant's property is appropriate here and the government should not be required to rely upon other formal collection remedies such as garnishment of or execution upon property to obtain these funds. (ECF No. 114 at 3). Specifically, the Government notes that the funds are currently in the government's possession. *Id*. The Court finds that the Government has the authority to enforce the restitution order in the same manner that it recovers fines or "*by all other available and reasonable means*." 18 U.S.C. § 3664(m)(1) (A)(ii) (Emphasis added). In this particular case, the Court finds the Government's action in seeking a hold on the funds, providing notice to the Defendant, and seeking an order of the Court satisfies any requirement owed to the Defendant in his property interest in money he received from outside sources. Accordingly, the Court will allow the Bureau of Prisons to turnover to the Clerk of the Court the funds in the amount of $6,500.00 currently held in the trust account for the Defendant for purposes of applying it to his restitution obligation, subject to the caveat that this Order will be effective 21 days after the Government files notice in this docket that it has complied with the direction provided herein regarding notice to the Defendant's grandchildren (Azala Haymore, Autumn Pennington, and Carter Pennington) and no objections are filed. If objections are filed by Azala Haymore, Autumn Pennington, and/or Carter Pennington, the Court will address those in a subsequent order. Any objections must be supported by documentation demonstrating that the objector is the true owner of the funds.

The Government is DIRECTED to provide Azala Haymore, Autumn Pennington, and Carter Pennington (addresses provided in ECF No. 115 at 2-3) with a copy of this Order, Government's Motion to Authorize Payment from Inmate Trust Account (ECF No. 113), and Memorandum in Support of its Motion (ECF No. 114) by United States Mail.

It is therefore ORDERED that the Motion of the United States of America to Authorize Payment from Inmate Trust Account is GRANTED insofar as:

- The Bureau of Prisons is authorized to turnover to the Clerk of the Court and the Clerk of the Court shall accept, funds in the amount of $6,500.00 currently held in the trust account for the following inmate: Robert Haymore, Register Number: 15238-026 if there are no objections filed on or before the expiration of 21 days after the Government files notice in this docket that it has complied with the Court's direction on providing notice to Azala Haymore, Autumn Pennington, and Carter Pennington. The Clerk shall apply these funds as payment for the criminal monetary penalties owed by the Defendant in this case.

- If objections are filed, no action shall be taken by the Bureau of Prisons until the Court files an Order addressing the objections.

ENTERED this 15th day of June 2015.

/s/ Michael M. Mihm
Michael M. Mihm
U.S. District Court Judge