UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Respondent,<br><br>　v.<br><br>D'ANGELO DAVIS,<br><br>　　　　　　　Movant. | No. 2:98-cr-0114 KJM AC<br><br><br>ORDER |

Movant, a federal prisoner proceeding through counsel, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 9, 2019, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 393. Movant has filed objections to the findings and recommendations. ECF No. 396.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

/////

/////

1

Plaintiff requests the court issue a certificate of appealability, Objs., ECF No. 396, at 14, which is required before movant can appeal this decision. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the court to do so, the movant must adequately demonstrate that the issues presented by this case may be "debatable among jurists of reason," could be resolved differently by another court, or are "adequate to deserve encouragement to proceed further." *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).[1] A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate of appealability must "indicate which specific issue or issues satisfy" the requirement. 28 U.S.C. § 2253(c)(3).

In the present case, movant has demonstrated entitlement to a certificate of appealability concerning whether the classification of his conviction for armed robbery as a crime of violence under 18 U.S.C. § 924(c) was constitutional. The court is persuaded by the reasoning of its sister court in *United States v. Dawson*, 300 F. Supp. 3d 1207 (D. Or. 2018), that a certificate of appealability is appropriate, despite the clear holding in *United States v. Watson*, 881 F.3d 782 (9th Cir.), *cert. denied*, 139 S. Ct. 203 (2018), because there is "tension" between the holding in *Watson* (and the case it relies on, *Carter v. United States*, 530 U.S. 255, 268 (2000)), and other Ninth Circuit precedent. *Dawson*, 300 F. Supp. 3d at 1212 (citing *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016)); *see also United States v. Rich*, No. 6:08-CR-60126-MC, 2018 WL 2357534, at *2 (D. Or. May 23, 2018) (agreeing with reasoning in *Dawson* and granting certificate of appeal on same issue). As such, the issue is "debatable among jurists of reason" and movant has satisfied the requirements for a certificate of appealability. *See Jennings*, 290 F.3d at 1010.

/////

/////

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applies to issuance of a certificate of probable cause. *Jennings*, 290 F.3d at 1010.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 9, 2019 (ECF No. 393), are adopted in full;
2. The motion to vacate, set aside, or correct movant's sentence pursuant to 28 U.S.C. § 2255 (ECF No. 357) is denied;
3. A certificate of appealability is issued in the present action as discussed above; and
4. The Clerk of the Court is directed to close the companion civil case, No. 2:16-cv-1635 KJM AC, and to enter judgment.

DATED: September 26, 2019.

_____
UNITED STATES DISTRICT JUDGE