UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:98-cr-00114-KJM |
| Plaintiff, | |
| v. | ORDER |
| D'ANGELO DOMINICO DAVIS, | |
| Defendant. | |

Defendant D'Angelo Davis moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Having thoroughly considered the briefing, including defendant's recent status report and the government's request to seal, and for the reasons set forth below, the motion is DENIED.

I. BACKGROUND

On September 27, 2002, after a fourteen-day jury trial, a jury found Davis guilty on eight counts of various offenses related to his participation in armed bank and credit union robberies. *See* Judgment & Commitment ("J&C"), ECF No. 166. The court sentenced Davis to 968 months imprisonment, 60 months supervised release, and ordered him to pay $65,940.30 in restitution and a $800.00 assessment. *Id.* at 3–6. After a series of appeals, Davis's sentence was reduced to 728 months imprisonment and a $700.00 assessment, with the restitution amount unchanged. *See* Second Am. J&C, ECF No. 248.

1

Davis is currently serving his sentence at the United States Medical Center for Federal Prisoners at Springfield, Missouri ("Springfield FMC").  Mot. at 4, ECF No. 409.  On January 8, 2020, Davis submitted a request for compassionate release to the Warden at Springfield FMC based on his "illness/critically ill condition, to wit, [his] stage 4 to 5 kidney disease."  *Id.*  On January 14, 2020, the Warden denied Davis's request.  *Id.* at 5.  Davis now asks this court to grant him compassionate release based on the same conditions, with the added risk imposed by the coronavirus ("COVID-19") pandemic.  *See generally* Mot.

## II.     DISCUSSION

Davis argues the administrative exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A) were satisfied by his January 8, 2020 compassionate release submission to the Warden at Springfield FMC.  *Id.* at 9.  He also says, regardless, the court should excuse any failure to exhaust because complying with the 30-day exhaustion period would be futile given the grave risk imposed by COVID-19.  *Id.*

"The court's authority to amend a criminal defendant's sentence of incarceration, once it has been imposed, is narrow."  *United States v. Carver*, No. 4:19-CR-06044-SMJ, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020) (citing 18 U.S.C. § 3582(c) ("The court may not modify a term of imprisonment once it has been imposed," with certain narrow exceptions)).  Though the law allows the court to reduce a sentence if it finds "extraordinary and compelling reasons" warrant such relief, that provision is available only

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]

18 U.S.C. § 3582(c)(1)(A).  "The administrative exhaustion requirement admits of no exception."  *Carver*, 2020 WL 1604968, at *1; *see also United States v. Holden*, No. 3:13-CR-00444-BR, 2020 WL 1673440, at *10 (D. Or. Apr. 6, 2020) ("[T]he administrative-exhaustion provision of the [First Step Act (FSA)] is mandatory; it is a statutorily-created exhaustion provision rather than

a judicially-created provision; and the FSA does not include 'its own textual exception' to the exhaustion provision.").

Though the exhaustion requirement is made explicit in 18 U.S.C. § 3582(c), some district courts elsewhere in the country have nonetheless held the court may waive the exhaustion requirement in light of the emergency circumstances caused by the current pandemic. *See, e.g.*, *United States v. Colvin*, No. 3:19-CR-179 (JBA), 2020 WL 1613943, at *2 (D. Conn. Apr. 2, 2020) (citing *Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019)); *United States v. McCarthy*, No. 3:17-CR-0230 (JCH), 2020 WL 1698732, at *4 (D. Conn. Apr. 8, 2020). This court, however, continues to believe it is bound by the Ninth Circuit's holding that "while judicially-created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and, thus, preclude any exercise of discretion by the court." *Gallo Cattle Co. v. U.S. Dep't of Agric.*, 159 F.3d 1194, 1197 (9th Cir. 1998) (citation omitted); *see also Shaw v. Bank of Am. Corp.*, 946 F.3d 533, 541 (9th Cir. 2019) ("[I]f exhaustion 'is a statutorily specified prerequisite'—as opposed to a judicially created one— '[t]he requirement is . . . something more than simply a codification of the judicially developed doctrine of exhaustion, and may not be dispensed with merely by a judicial conclusion of futility[.]'" (quoting *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975))).

Here, Davis has not sought relief from the Springfield FMC Warden or the Bureau of Prisons in any way since COVID-19 became a known risk. *See WHO Timeline – COVID-19*, World Health Organization, https://www.who.int/news-room/detail/27-04-2020-who-timeline---covid-19 (characterizing COVID-19 as a pandemic on March 11, 2020) (last visited June 17, 2020). Davis concedes the risk imposed by the COVID-19 pandemic was not a basis of his January 8, 2020 request. Mot. at 8 ("[H]e did not base his request on the increased risk due to COVID-19 as he does in this motion."). Thus, Davis asks the court to find the exhaustion requirements of § 3582(c)(1)(A) have been satisfied by a prior compassionate release request lacking the central component of his request here. While the court is sympathetic to the frustration someone in Davis's position undoubtedly feels, given that COVID-19 can advance

more quickly than the current exhaustion requirements can be satisfied,[1] this is a problem for Congress to fix, if it will.  On this record, the court finds Davis has not exhausted administrative remedies, and his motion must be DENIED.  The court need not reach the merits of Davis's motion here.

III.     CONCLUSION

While "it is indisputable that the COVID-19 outbreak is unprecedented and poses a heightened risk to those in this nation's prisons and jails," "absent congressional action to relieve inmates of the exhaustion requirement," the court does not have jurisdiction to reach the merits of Davis's motion at this time.  *Carver*, 2020 WL 1604968, at *1.

The motion is DENIED without prejudice to renewal following exhaustion.

This order resolves ECF No. 409.

IT IS SO ORDERED.

DATED:  June 23, 2020.

CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The court does take note of Davis's status report advising that at least one inmate at Springfield FMC has tested positive for COVID-19.  *See* ECF No. 441.