UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:98-cr-00114-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| D'Angelo Davis, | |
| Defendant. | |

D'Angelo Davis asks the court to reconsider its decision denying his request for compassionate release under 18 U.S.C. § 3582. The matter is fully briefed and was submitted for decision without a hearing. *See* Mot., ECF No. 428; Opp'n ECF No. 432; Reply, ECF No. 434. As explained in this order, the motion is **denied**.

Contrary to the government's argument, because the Ninth Circuit's mandate has issued, this court has jurisdiction to consider Mr. Davis's motion even though he has petitioned for certiorari in the Supreme Court. *See* Mandate, ECF No. 420; *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 842 F.3d 103, 106 n.1 (1st Cir. 2016) ("[T]he mere act of filing a petition for certiorari does not deprive the district court of jurisdiction over the case."); *United States v. Sears*, 411 F.3d 1240, 1242 (11th Cir. 2005) (per curiam) (same); *cf.* Fed. R. App. P. 41(d)(1) (permitting motions to stay an appellate court's mandate pending the filing of a petition for a writ of certiorari in the Supreme Court).

1

1    This court's previous orders summarize Mr. Davis's conviction, sentence, and requests for
2 compassionate release. *See* ECF Nos. 417, 425.  Only a short review of his recent motions is
3 necessary here.  Mr. Davis originally moved for compassionate release in June 2020.  Orig. Mot.,
4 ECF No. 409.  That motion was denied because he had not exhausted his administrative remedies
5 as required by the relevant statute. *See* Order (June 24, 2020), ECF No. 417.  He renewed his
6 motion after exhausting his administrative remedies.  Renewed Mot., ECF No. 419.  The court
7 denied his renewed motion because he did not show he would not pose "a risk of danger to the
8 community" if released. *See* Order (Dec. 29, 2020) at 6–7, ECF No. 425 (quoting *United States*
9 *v. Esparza*, 451 F. Supp. 1194, 1196 (D. Idaho, 2020)).  Mr. Davis was convicted of several
10 armed bank robberies, had a history of violence before entering prison, is or was affiliated with a
11 gang, has an extensive history of discipline in the prison, and offered an inadequate release plan.
12 *See id.*  He now asks the court to revisit that decision on the basis of four arguments: (1) if he
13 were sentenced today, he would have received a much shorter term of incarceration, and he has
14 served most of that shorter term, *see* Mot. at 4–10; (2) he is not currently affiliated with a gang,
15 *id.* at 11; (3) his prison disciplinary history is neither violent nor especially serious, *id.* at 12; and
16 (4) he was much younger at the time of his offenses, *id.* at 13–14.
17    Although the Federal Rules of Criminal Procedure do not expressly authorize motions for
18 reconsideration, the Ninth Circuit has "approved of the judicial economy" of motions for
19 reconsideration in the appropriate circumstances. *United States v. Rabb*, 752 F.2d 1320, 1322
20 (9th Cir. 1984), *abrogated in part on other grounds by Bourjaily v. United States*, 483 U.S. 171
21 (1987).  A motion for reconsideration of a nonfinal order in a criminal case is a power within the
22 court's "inherent jurisdiction." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000).
23 "No precise 'rule' governs the district court's inherent power to grant or deny a motion to
24 reconsider a prior ruling in a criminal proceeding." *United States v. Lopez-Cruz*, 730 F.3d 803,
25 811 (9th Cir. 2013).  It is instead a matter of discretion. *Id.*.
26    Both "simple mistakes" and "shifting precedent" might justify reconsideration of a
27 nonfinal order. *See Martin*, 226 F.3d at 1049.  This court's local rules also impose requirements
28 on parties who request reconsideration in criminal cases. *See* E.D. Cal. L.R. 430.1(i).  Among

1  other things, a motion for reconsideration must identify what "new or different facts or
2  circumstances" support the motion "or what other grounds" might warrant reconsideration. *Id.*
3  430.1(i)(3).  But as is true of motions for reconsideration in civil cases, motions for
4  reconsideration in criminal cases are almost always denied when they rest on arguments or
5  evidence the moving party previously raised or could have raised and denial would not cause
6  manifest injustice.  *See Cachil Dehe Band of Wintun Indians of Colusa Indian Cmty. v.*
7  *California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009).

8  Here, Mr. Davis could have raised his first argument—i.e., that he has served a large
9  portion of the sentence he would have received if he had been sentenced today—in his renewed
10 motion, but he did not.  This court's previous order accordingly did not address that argument.
11 He contends now that his renewed motion did, in fact, incorporate that argument by reference.
12 *See* Mot. Recons. at 4.  It did not.  As he concedes, arguments can be incorporated by reference
13 only if the incorporation is "direct and explicit."  Reply at 2 (quoting *United States v. Int'l*
14 *Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 461 (E.D.N.Y. 2007)).  His renewed motion
15 referred only vaguely to the "merits" of his original motion, which was more than forty pages
16 long.  *See* Renewed Mot. at 1.  He also appeared to have abandoned arguments based on shorter
17 sentences.  *See id.* at 5 (arguing he had served "over 40% of his sentence").  But even if the court
18 were to revisit this question, the result would be the same.  The court did not deny his renewed
19 motion for release because he had served only a small portion of his sentence, but rather because
20 he posed "a risk of danger to the community" if released.  *See* Order (Dec. 29, 2020) at 6–7.

21 Mr. Davis also argues the court's previous order incorrectly referred to his gang affiliation
22 as "current."  *See* Order (Dec. 29, 2020) at 7.  The government does not argue his gang affiliation
23 is current.  The record is unclear.  A document dated June 3, 2020, which Mr. Davis attached to
24 his original motion, states as follows: "Gang Affiliation: Yes, per PSR: Romper Room Gang."
25 Orig. Mot. Ex. A at 3, ECF No. 409-1.  It is not necessary to determine whether he is affiliated
26 with a gang at this point.  His history of violent crime, past affiliation with a gang, disciplinary
27 record while incarcerated, and inadequate release plan show the risk of danger to the community
28 on which the court relied.

3

1    Mr. Davis's remaining arguments in favor of reconsideration were raised or could have
2 been raised in his previous motions.  *See* Mot. at 12 (arguing Mr. Davis's disciplinary history
3 does not show he would present a danger to the community if he were released); *id.* at 13–14
4 (arguing court should consider that Mr. Davis was much younger at the time of his offense).  The
5 court declines to revisit these questions.
6    The motion to reconsider, ECF No. 428, is **denied**.
7    The request to file under seal, ECF No. 433, is **denied as moot**.
8    IT IS SO ORDERED.
9   DATED:  March 23, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE