UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:98-cr-00114-KJM |
| Plaintiff, | ORDER |
| v. | |
| D'Angelo Davis, | |
| Defendant. | |

Defendant D'Angelo Davis seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on "extraordinary and compelling reasons." ECF No. 480. A district court can grant relief under § 3582(c)(1)(A) only "after considering the factors set forth in section 3553(a) to the extent that they are applicable." This court has previously considered those factors in response to Mr. Davis's previous motions and has found they do not support a sentence reduction, among other reasons because of his past convictions of violent crimes, his record of discipline within the prison system, and the lack of a viable release plan. *See* Order (Apr. 12, 2023), ECF No. 472, *aff'd* (May 6, 2024) (mem. dispo.); Order (Dec. 29, 2020), ECF No. 425, *recons. denied* (Mar. 24, 2021), ECF No. 435, *and aff'd* (Apr. 12, 2022) (mem. dispo.), ECF No. 446.

In the most recent of these orders, the court warned that "future motions for compassionate release based on arguments similar to those raised in Mr. Davis's current and previous motions will be summarily denied unless Mr. Davis demonstrates the law or the relevant

1

circumstances have changed." Order (Apr. 12, 2023) at 2. In Mr. Davis's current motion, he cites intervening changes to the U.S. Sentencing Guidelines, which offer guidance about how to decide whether "extraordinary and compelling reasons" support a motion under § 3582(c)(1)(A). Mr. Davis does not show the law or relevant circumstances have changed the balance of the factors listed in § 3553(a). To be clear, those factors—and not the absence of any "extraordinary and compelling reasons"—have been the primary driver of this court's previous decisions not to grant relief to Mr. Davis. For this reason, **the motion for a reduction in sentence (ECF No. 480) is summarily denied.**

Now, as in the past, the court will entertain a renewed motion for compassionate release based on "extraordinary and compelling reasons," but only if Mr. Davis shows how changes in the relevant circumstances have altered the balance of the sentencing factors in § 3553(a). These factors include, most importantly in this case, "the nature and circumstances of the offense," "the history and characteristics of the defendant," and "the need for the sentence imposed . . . to protect the public from future crimes of the defendant." 18 U.S.C. § 3553(a)(1), (2). Evidence demonstrating a lack of further discipline within the prison system would be an essential component of any successful motion, as would a detailed release plan. *Cf., e.g.*, *United States v. Summerfield*, No. 06-00428, 2021 WL 1517923, at *6 & n.8 (E.D. Cal. Apr. 16, 2021) (granting release based on a detailed proposal for family and community support, medical treatment, housing, transportation, employment and financial assistance); *United States v. Sharma*, No. 15-00051, 2020 WL 6802404, at *4 (E.D. Cal. Nov. 19, 2020) (reasoning similarly and summarizing release plan).

IT IS SO ORDERED.

DATED: July 30, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE