UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:98-cr-00114-KJM-AC |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| D'Angelo Davis, | |
| Defendant. | |

Defendant D'Angelo Davis requests the court reconsider its decision denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  *See generally* Mot., ECF No. 482. The government filed an opposition, *see generally* Opp'n, ECF No. 483, and defendant did not reply.  As explained in this order, the motion is **denied**.

Although the Federal Rules of Criminal Procedure do not expressly authorize motions for reconsideration, the Ninth Circuit allows parties to file post-judgment motions for reconsideration in criminal cases.  *United States v. Martin*, 226 F.3d 1042, 1047 n.7 (9th Cir. 2000).  "No precise 'rule' governs the district court's inherent power to grant or deny a motion to reconsider a prior ruling in a criminal proceeding."  *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013) (citation omitted).  Instead, it is left to the district court's discretion.  *Id.*

At the same time, this court's local rules impose specific requirements for motions for reconsideration.  Such motions must identify "what new or different facts or circumstances are

1

1  claimed to exist that did not exist or were not shown upon such prior motion or what other
2  grounds exist for the motion." *See* E.D. Cal. L.R. 430.1(i)(3).  "But as is true of motions for
3  reconsideration in civil cases, motions for reconsideration in criminal cases are almost always
4  denied when they rest on arguments or evidence the moving party previously raised or could have
5  raised and denial would not cause manifest injustice." *United States v. Davis*, No. 98-00114,
6  2021 WL 1122574, at *2 (E.D. Cal. Mar. 24, 2021), *aff'd*, No. 21-10094, 2022 WL 1090945 (9th
7  Cir. Apr. 12, 2022).
8        Defendant argues this court should reconsider its prior order, because even considering the
9  factors in 18 U.S.C. § 3553(a), his motion demonstrated he qualified for relief under 18 U.S.C.
10 § 3582(c)(1)(A)(i).  *See* Mot. at 6–7.  Specifically, he states he "did exactly as this [c]ourt
11 requested" and "provided a solid home plan." *Id.* at 3.  Further, he contends that despite his
12 disciplinary record within the prison system, he is not a threat to public safety.  *See id.* at 3–8.
13       A court "may reduce a term of imprisonment . . . after considering the factors set forth in
14 section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A).  These factors include, most importantly in this
15 case, "the nature and circumstances of the offense," "the history and characteristics of the
16 defendant," and "the need for the sentence imposed . . . to protect the public from future crimes of
17 the defendant." 18 U.S.C. § 3553(a)(1), (2).
18       While the court acknowledges defendant provided a home plan in his prior motion, *see*
19 Prior Mot. at 30, ECF No. 480, this alone does not alter the court's decision regarding the factors
20 listed in section 3553(a).  *See, e.g.*, *U.S. v. Davis*, No. 98-00114, 2020 WL 7714208, at *4 (E.D.
21 Cal. Dec. 29, 2020) (noting Davis's proposed release plan did not alter the court's conclusion).
22 No other arguments warrant reconsideration and denial would not cause manifest injustice.
23 Accordingly, the motion for reconsideration is **denied**.
24       This order resolves ECF No. 482.
25       IT IS SO ORDERED.
26 DATED:  October 4, 2024.
27

SENIOR UNITED STATES DISTRICT JUDGE